IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL MESSER,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL COPENHAVER, et al.,<br><br>Defendants.<br>_______________________/ | CASE No. 1:13-cv-00698-MJS (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

**SCREENING ORDER**

## I. PROCEDURAL HISTORY

Plaintiff Cecil Messer is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action filed May 13, 2013 pursuant to pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for the violation of civil rights by federal actors. (ECF No. 1.)

The Complaint is before the Court for screening.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon

which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at U.S. Penitentiary-Atwater ("Atwater") where the events in issue occurred.

He names as Defendants (1) Paul Copenhaver, Atwater Warden, (2) Dr. George, Atwater Chief Dentist (3) Dr. Gustafson, Atwater Dentist, (4) Jevette Tyson, Atwater dental staffer, (5) Rodrigo Ogues, Atwater medical staffer.[1]

He claims Defendants have been deliberately indifferent and negligent to his serious dental conditions, specifically as follows:

Defendant Dr. George repeatedly cancelled appointments and did not come in to work, requiring re-scheduling of appointments even when Plaintiff was in agonizing pain. Some of the cancellations occurred after Plaintiff complained about poor dental work at the prison clinic and by Defendant George.

Defendant Gustafson extracted tooth number 7 without Plaintiff's knowledge or consent and negligently damaged tooth number 8 so that it too had to be removed.

Defendant George replaced tooth number 9 causing pain and resulting in a below-the-gum margin. George admitted the fit was "not perfect but . . . will have to do." (ECF No. 1 at 8.)

Defendant Ogues, who was staffing the medical clinic on a Saturday when Plaintiff sought emergency assistance for severe pain in tooth number 15, issued Tylenol but refused antibiotics and refused to call Defendant George; the following Monday dental staffer Ms. Tyson x-rayed the tooth, told Plaintiff it was abscessed and

---

[1] Plaintiff includes other unnamed defendants by using the term "et al." In any amended pleading Plaintiff must either individually name defendants or use the "doe" defendant designation.

referred him to the P.A. who provided antibiotic. Dr. George did not come in to the clinic over the next several days; Plaintiff was unable to stand the pain and lanced the abscess himself.

Plaintiff seeks compensatory and punitive damages.

## IV. ANALYSIS

### A. Bivens Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.' " Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991). Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. See Bivens, 403 U.S. at 397. To state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.

### B. Linkage

#### 1. Legal Standard

Pursuant to 42 U.S.C. § 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a

misnomer. Iqbal, 556 U.S. at 677. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 676. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 676–77.

2. Warden Copenhaver Not Linked

Plaintiff has not alleged any facts relating to Atwater Warden Copenhaver. Nothing suggests Defendant Copenhaver participated in the alleged rights deprivation.

3. Leave to Amend

Plaintiff will be given the opportunity to file an amended complaint curing this deficiency. Plaintiff must allege facts showing Warden Copenhaver individually participated in the rights violation(s).

**C. Deliberate Indifference to Dental Needs**

1. Legal Standard[2]

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.' " Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and

[2] Plaintiff's indifference claim is covered by the more explicit clause of the Eighth Amendment, rather than the Due Process Clause of the Fifth Amendment. See County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998) ("Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims.").

disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

This requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096, quoting McGuckin, 974 F.2d at 1059. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105–06.

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§] 1983 claim", Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981), unless "the course of treatment the doctors chose was medically unacceptable under the circumstances" and "they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

2. No Deliberate Indifference

Plaintiff's alleged chronic severe dental pain and related tooth decay is sufficient to show a serious medical condition. See Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) (chronic great pain, inability to chew properly and inadequate treatment causing tooth degeneration to point requiring extraction as sufficient to state a serious medical condition.) "Dental care is an important medical need, the denial of which may constitute an Eighth Amendment violation." Dixon v. Bannister, 845 F.Supp.2d 1136, 1143 (D. Nev. 2012).

However, nothing before the Court suggests any named Defendant was deliberately indifferent to Plaintiff's needs or that dental care provided was medically unacceptable. Plaintiff's complaint suggests the dental work performed by Defendants George and Gustafson was negligent. But negligence can not itself state or support a federal claim. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990); Scotton v.

Amerongen, - - - F.Supp.2d - - - - , 2009 WL 1853311 at *5 (N.D. Iowa June 29, 2009) (negligent acts by prison officials are not actionable under § 1983).

Plaintiff complains Defendant George was not regularly at work, cancelled appointments and delayed care. There are no facts suggesting Defendant George intentionally absented himself in order to deny care for Plaintiff's serious needs. Plaintiff does not suggest that on these occasions Defendant George was aware he had a serious dental need and was deliberately indifferent to it or that he requested to be seen by another care provider and was denied. Rescheduling of dental appointments is not alone sufficient to show deliberate indifference.

Plaintiff complains Defendant George delayed care. It is unclear what procedures and treatment were delayed, how long the delay lasted, and how the delay may have harmed Plaintiff, if at all. See McGuckin, 974 F.2d at 1060, citing Shapley v. Nevada Board of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (the delay must have led to further harm in order to claim deliberate indifference).

Plaintiff complains Defendant Ogues was indifferent to weekend pain in tooth number 15 by providing only Tylenol and refusing to call Dr. George and provide antibiotics, resulting in "abscessed teeth and infected gums." (ECF No. 1 at 13.) But nothing suggests this was anything but a reasoned medical decision; nothing suggests Ogues was intentionally trying to hurt Plaintiff or delay his relief from pain. Plaintiff's assertion that the approximate two delay (until he received further treatment by Defendant Tyson) caused an abscess and infection appears based solely on Plaintiff's speculation unsupported by fact.

Plaintiff complains Defendant Tyson was indifferent to pain in tooth number 15 when she x-rayed the tooth, noted an abscess and arranged for antibiotic. Nothing suggests Plaintiff requested further assistance for tooth number 15 or that further treatment was then was medically indicated.

3. Leave to Amend

The Court will allow an opportunity to amend. If Plaintiff chooses to amend, he

must set forth facts sufficient under the above standards to claim deliberate indifference.

### D. Negligence - Federal Tort Claims Act

#### 1. Legal Standard

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680, waives the sovereign immunity of the United States for certain torts committed by federal employees. FDIC v. Meyer, 510 U.S. 471, 477 (1994). The FTCA provides that district courts have exclusive jurisdiction of civil actions against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee" of the federal government while acting within the scope of his office or employment. 28 U.S.C. § 1346(b). The FTCA allows federal inmates to sue the United States for injuries sustained while incarcerated. 28 U.S.C. § 2674.

The United States is the only proper defendant in a suit brought pursuant to the FTCA. FDIC v. Craft, 157 F.3d 697, 706 (9th Cir. 1998); Kennedy v. United States Postal Serv., 145 F.3d 1077, 1078 (9th Cir. 1998).

Under the FTCA, a claim must be filed with the appropriate federal agency within two years of its accrual and suit must be commenced within six months of the agency's denial of the claim.[3] 28 U.S.C. § 2401(b). This administrative exhaustion requirement is mandatory and jurisdictional. McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.") Exhaustion must be affirmatively alleged in the complaint. Bettis v. Blackstone, 2009 WL 2971364, *2 n. 2 (E.D. Cal. Sept.11, 2009), citing Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980).

---

[3] The agency denial requirement is satisfied when the claim is actually denied or six months have passed without a final resolution having been made. 28 U.S.C. § 2675(a).

Plaintiff bears the burden of establishing jurisdiction under the FTCA. Industrial Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). This Court lacks jurisdiction over such claims unless Plaintiff specifically alleges compliance with the FTCA's administrative exhaustion requirement. See Gillespie, 629 F.2d at 640 ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint ."). A district court may dismiss a complaint for failure to allege this jurisdictional prerequisite. Id.

2. No Negligence Claim

It is unclear whether or not Plaintiff has exhausted his administrative remedies under the FTCA. His claim of exhaustion is equivocal. (ECF No. 1 at § II.) He alleges the process is complete, but then says it is not because of "discovery procedures essential at this time to factually develop facts." (Id.) He also fails to set out what happened at each level of review. The Court can not determine whether a proper and timely claim was filed with the proper agency (i.e., the Bureau of Prisons) or whether this suit was initiated within six months of the agency's denial or deemed denial. Additionally, the Complaint does not comply with the FTCA requirement of naming the United States as defendant.

Accordingly, Plaintiff fails to allege facts of claim presentation and a proper party defendant sufficient for a cognizable negligence claim under the FTCA. "The FTCA is a limited waiver of sovereign immunity, authorizing suit against the United States for tortious performance of governmental functions in limited cases," Bibeau v. Pacific Northwest Research Foundation, Inc., 339 F.3d 942, 945 (9th Cir. 2003), and the waiver "is strictly construed in favor of the sovereign . . . ." Craft, 157 F.3d at 707.

3. Leave to Amend

The Court will allow an opportunity to amend. If Plaintiff chooses to amend, he must set forth facts sufficient under the above standards to claim negligence under the FTCA as against the United States.

**E. Retaliation**

It may be that Plaintiff wants to claim Defendant George retaliated for complaints about dental services.

1. Legal Standards

Allegations of retaliation against a prisoner's First Amendment rights to speech and to petition the government may support a § 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005); accord Watson v. Carter, 668 F.3d 1108, 1114–15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

In order to state a claim, a plaintiff must allege specific facts demonstrating that a defendant took an adverse act because of plaintiff's First Amendment activity. The plaintiff's protected conduct must have been a " 'substantial' or 'motivating' factor behind the defendant's conduct." Brodheim, 584 F.3d at 1271, quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). The adverse action must not have reasonably advanced a legitimate correctional goal.

2. Retaliation Claim Fails

Plaintiff does not allege facts suggesting Defendant George's work schedule is other than consistent with CDCR policies and practices or at least driven by factors totally unrelated to Plaintiff. Thus there is no basis for suggesting George's alleged rescheduling of appointments failed to advance a legitimate penological purpose. For this reason any retaliation claim based thereon against Defendant George fails.

3. Leave to Amend

The Court will allow an opportunity to amend. If Plaintiff chooses to amend, he

must set forth facts sufficient to suggest Defendant George took an adverse act because of Plaintiff's First Amendment activity. Plaintiff's protected conduct must have been a " 'substantial' or 'motivating' factor behind the defendant's conduct." The adverse action must not have reasonably advanced a legitimate correctional goal.

## V. CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under § 1983. The Court will grant Plaintiff an opportunity to file an amended complaint consistent with the foregoing. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.' " Id. at 1949, quoting Twombly, 550 U.S. at 555. Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P.

8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint filed May 13, 2013;
2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;
3. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order; and
4. If Plaintiff fails to file an amended complaint in compliance with this Order, it is recommended that this action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated: May 23, 2013

/s/ Michael J. Seng
UNITED STATES MAGISTRATE JUDGE