1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL MESSER, | Case No.  1:13-cv-00698-MJS (PC) |
| Plaintiff, | **ORDER DISMISSING (1) FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND, and (2) ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM** |
| v. | |
| PAUL COPENHAVER, et al., | |
| Defendants. | **(ECF No. 9)** |
| | **DISMISSAL COUNTS AS A STRIKE PURSUANT TO 28 U.S.C. §1915(g)** |
| | **CLERK TO CLOSE CASE** |

Plaintiff Cecil Messer is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for the violation of civil rights by federal actors. The complaint was dismissed for failure to state a claim. Plaintiff filed a FIRST amended complaint which is now before the court for screening.

For the reasons set forth below, the Court finds the FIRST amended complaint fails to state a cognizable claim and ORDERS it DISMISSED without leave to amend and this action closed.

1

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.    PLEADING STANDARD**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum

1 | v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991). Under Bivens, a plaintiff may sue a federal
2 | officer in his or her individual capacity for damages for violating the plaintiff's
3 | constitutional rights. See Bivens, 403 U.S. at 397. To state a claim a plaintiff must
4 | allege: (1) that a right secured by the Constitution of the United States was violated,
5 | and (2) that the alleged violation was committed by a federal actor.

6 | **III.    PLAINTIFF'S ALLEGATIONS**

7 | Plaintiff, an inmate at U.S. Penitentiary-Atwater ("Atwater"), complains of
8 | improper and delayed treatment of his serious dental decay, gum infection, and related
9 | chronic severe pain, violating his Fifth and Eighth Amendment rights.

10 | The named Defendants are (1) Paul Copenhaver, Atwater Warden, (2) Dr.
11 | George, Atwater Chief Dentist (3) Dr. Gustafson, Atwater Dentist, (4) Jevette Tyson,
12 | Atwater dental staffer,[1] (5) Rodrigo Ogues, Atwater medical staffer.[2]

13 | More specifically, Plaintiff alleges that during 2011-2012:

14 | An unnamed Atwater dentist twice rescheduled dental appointments, delaying
15 | tooth extractions by several weeks, and then improperly extracted a tooth "instead of
16 | fixing it." (ECF No. 9 at ¶ 18.)

17 | Defendant Gustafson, pulled a salvageable tooth without Plaintiff's informed
18 | consent and damaged another tooth by inattention.

19 | Defendant George provided poor dental work, forgot to medicate during
20 | procedures, and left imperfect dental margins.

21 | Defendant George repeatedly cancelled appointments and did not come in to
22 | work, even when Plaintiff was in severe pain. Some of the cancellations occurred after
23 | Plaintiff complained about poor dental work at the prison clinic and by Defendant
24 | George.

25 | Plaintiff went to the clinic on a Saturday for emergency pain following work by
26 | Defendant George. Defendant Ogues saw Plaintiff and provided pain medication, but

27 | [1] Plaintiff states Defendant Tyson "is dismissed because of insufficient evidence at this time." (ECF No. 9,
   | at ¶ 10.)
28 | [2] Plaintiff includes unnamed defendants by using the term "et al."

1  refused Plaintiff's request for antibiotics and to call Defendant George. Plaintiff was

2  diagnosed with an abscess and given antibiotics two days later.

3       Defendant Warden Copenhaver knew of Plaintiff's dental grievances and lack of

4  available dental care at Atwater, yet failed to act and thereby delayed Plaintiff's

5  treatment.

6       Defendants' conduct caused loss of teeth, gum infection, and severe pain, for

7  which Plaintiff seeks compensatory and punitive damages.

8  **IV.**   **ANALYSIS**

9       **A.**   **Unnamed Defendants**

10       Plaintiff asserts claims against defendants who are neither individually named

11  nor named as "doe" defendants. (ECF No. 9, at ¶ 12.) Plaintiff may not proceed against

12  unnamed defendants.

13       Plaintiff was advised of this deficiency in the prior screening order. He has not

14  corrected it.

15       **B.**   **Linkage**

16       Plaintiff does not allege a reasonable factual basis for his belief Defendant

17  Copenhaver knew of Plaintiff's dental pain and problems at the clinic "via grievances"

18  and failed to respond. (ECF No. 9, at ¶ 71.)

19       A § 1983 plaintiff must demonstrate that each defendant personally participated

20  in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

21  There must be an actual connection or link between the actions of the defendants and

22  the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department

23  of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for

24  the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct.

25  at 1948. Since a government official cannot be held liable under a theory of vicarious

26  liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official

27  has violated the Constitution through his own individual actions. Id. at 1948.

28       Plaintiff offers no "link" between Defendant Copenhaver and the alleged rights

1  violations. His contention Defendant Copenhaver was aware of indifferent and negligent

2  dental care and refused to respond is entirely conclusory and  unsupported by any

3  alleged facts. Plaintiff was advised of this deficiency in the prior screening order and

4  given an opportunity to correct it, but he has failed to do so.

5        **C.   Deliberate Indifference[3]**

6             1.   Legal Standard

7        To maintain an Eighth Amendment claim based on prison medical treatment, an

8  inmate must show (1) a serious medical need by demonstrating that failure to treat a

9  prisoner's condition could result in further significant injury or the unnecessary and

10  wanton infliction of pain, and (2) a deliberately indifferent response by defendant. Jett v.

11  Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is

12  met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible

13  medical need and (b) harm caused by the indifference. Id.

14        Deliberate indifference is a high legal standard. Toguchi v. Chung, 391 F.3d

15  1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only be

16  aware of the facts from which the inference could be drawn that a substantial risk of

17  serious harm exists, but that person must also draw the inference." Id. at 1057, quoting

18  Farmer v. Brennan, 511 U.S. 825, 837 (1994). "If a prison official should have been

19  aware of the risk, but was not, then the official has not violated the Eighth Amendment,

20  no matter how severe the risk." Id., quoting Gibson v. Cnty. of Washoe, 290 F.3d 1175,

21  1188 (9th Cir. 2002). Mere 'indifference,' 'negligence,' or 'medical malpractice' will not

22  support this cause of action." Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th

23  Cir.1980), citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

24             2.   Serious Need

25        Plaintiff's complaint of dental decay, gum infection, and chronic pain

---

26  [3] Plaintiff's indifference claim is covered by the more explicit clause of the Eighth Amendment,
27  rather than the Due Process Clause of the Fifth Amendment. See County of Sacramento v. Lewis, 523
    U.S. 833, 842 (1998) ("Where a particular amendment provides an explicit textual source of constitutional
28  protection against a particular sort of government behavior, that Amendment, not the more generalized
    notion of substantive due process, must be the guide for analyzing a plaintiff's claims.").

1  demonstrates a serious medical need. See Chance v. Armstrong, 143 F.3d 698, 702

2  (2d Cir. 1998) (chronic great pain, inability to chew properly and inadequate treatment

3  causing tooth degeneration are sufficient to state a serious medical condition.) "Dental

4  care is an important medical need, the denial of which may constitute an Eighth

5  Amendment violation." Dixon v. Bannister, 845 F.Supp.2d 1136, 1143 (D. Nev. 2012).

6                     3.      Indifferent Response

7        The FIRST amended complaint does not demonstrate any named Defendant

8  knowingly denied, delayed, or interfered with treatment of Plaintiff's serious dental

9  needs or that dental care provided was medically unacceptable. It appears Plaintiff

10 received ongoing dental care and that his dental treatment plan was completed. There

11 are no facts suggesting or explaining Plaintiff's believe that George intentionally

12 absented himself to deny response to Plaintiff's dental needs. There is no professional

13 opinion suggesting disagreement in the dental treatment provided or that that treatment

14 was medically unacceptable. See King v. U.S., - - - Fed.Appx. - - - -, 2013 WL 3929086,

15 at *4 (4th Cir. July 31, 2013) (no deliberate indifference in failing to perform root canal

16 on federal prisoner where care provided, pain medication and antibiotics, not grossly

17 inadequate). Plaintiff is not entitled to his treatment of choice, King, 2013 WL 3929086,

18 at *3, but rather to only adequate treatment. Hill v. Curcione, 657 F.3d 116, 123 (2d Cir.

19 2011). That George canceled and rescheduled non-emergency dental appointments is

20 not alone a basis to find deliberate indifference. See Malsh v. Austin, 901 F.Supp. 757,

21 762 (S.D.N.Y. 1995) (postponement of routine dental appointment not indifference

22 where inmate regularly receiving dental care).

23        Plaintiff complains of delayed care. Nothing in the pleading demonstrates an

24 intentional delay in providing care. Additionally, it is unclear what specific procedures

25 and treatment were delayed, how long the delay lasted, whether the delay was

26 consistent with Plaintiff's dental plan, and why and how the delay may have harmed

27 Plaintiff, if at all. See McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled

28 on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997),

1   citing Shapley v. Nevada Board of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.

2   1985) (the delay must have led to further harm in order to claim deliberate indifference).

3   Plaintiff's mere lay belief routine delay caused harm, without more, is not sufficient to

4   support a claim.

5        Plaintiff complains, and the pleading suggest that, at worst, Defendants provided

6   negligent care. Even if true, negligence is not a basis for a § 1983 claim. See Wood v.

7   Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990); Scotton v. Amerongen, - - -

8   F.Supp.2d - - - -, 2009 WL 1853311, at *5 (N.D. Iowa June 29, 2009) (negligent acts by

9   prison officials are not actionable under § 1983).

10        Plaintiff complains Defendant Ogues was indifferent to weekend emergency pain,

11  resulting in "abscessed teeth and infected gums." (ECF No. 9, at § 65.) However,

12  Ogues immediately provided pain medication in response to Plaintiff's chief complaint.

13  Plaintiff does not explain why he believes Ogues' refusal to also provide antibiotics and

14  to call George was anything other than an exercise of medical judgment. Nothing

15  suggests such additional action was medically necessary, much less that Ogues was

16  aware of and disregarded that necessity. There similarly is no alleged factual basis for

17  Plaintiff's belief the approximately two day delay (until he received further treatment)

18  caused an abscess and infection. Medical cause and effect can not be based on

19  Plaintiff's surmise and speculation.

20        In summary, Plaintiff has not demonstrated Defendants acted culpably with a

21  conscious disregard of serious risk of harm to Plaintiff. See Veloz v. New York 339

22  F.Supp.2d 505, 521 (S.D.N.Y. 2004), citing Hathaway v. Coughlin, 37 F.3d 63, 69 (2d

23  Cir. 1994) ("[t]o establish deliberate indifference, plaintiff must demonstrate that the

24  defendants actually wish[ed] him harm, or at least, [were] totally unconcerned with his

25  welfare.").

26        Plaintiff fails to state a claim for indifference to serious dental needs. Plaintiff was

27  advised of these deficiencies in the prior screening order.

28        D.   **Negligence - Federal Tort Claims Act**

7

1               1.    <u>Legal Standard</u>

2       The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680,

3 waives the sovereign immunity of the United States for certain torts committed by

4 federal employees. <u>FDIC v. Meyer</u>, 510 U.S. 471, 477 (1994). The FTCA provides that

5 district courts have exclusive jurisdiction of civil actions against the United States for

6 money damages "for injury or loss of property, or personal injury or death caused by the

7 negligent or wrongful act or omission of any employee" of the federal government while

8 acting within the scope of his office or employment. 28 U.S.C. § 1346(b). The FTCA

9 allows federal inmates to sue the United States for injuries sustained while incarcerated.

10 28 U.S.C. § 2674.

11       The United States is the only proper defendant in a suit brought pursuant to the

12 FTCA. <u>FDIC v. Craft</u>, 157 F.3d 697, 706 (9th Cir. 1998); <u>Kennedy v. United States</u>

13 <u>Postal Serv.</u>, 145 F.3d 1077, 1078 (9th Cir. 1998).

14       A FTCA claim must be filed with the appropriate federal agency within two years

15 of its accrual and suit must be commenced within six months of the agency's denial of

16 the claim.[4] 28 U.S.C. § 2401(b). This administrative exhaustion requirement is

17 mandatory and jurisdictional. <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993) ("The

18 FTCA bars claimants from bringing suit in federal court until they have exhausted their

19 administrative remedies.") Exhaustion must be affirmatively alleged in the complaint.

20 <u>Bettis v. Blackstone</u>, 2009 WL 2971364, at *2 n.2 (E.D. Cal. Sept.11, 2009), <u>citing</u>

21 <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 640 (9th Cir. 1980).

22             2.    <u>Jurisdictional Prerequisites</u>

23       Plaintiff does not name the United States as a defendant. Nor does he allege

24 facts demonstrating exhaustion of applicable administrative remedies. (See ECF No. 9,

25 at § II.) This Court lacks FTCA jurisdiction where, as here, Plaintiff fails to allege

26 compliance with the administrative exhaustion requirement. <u>See</u> <u>Gillespie</u>, 629 F.2d at

27 

28 [4] The agency denial requirement is satisfied when the claim is actually denied or six months have passed without a final resolution having been made. 28 U.S.C. § 2675(a).

1  640 ("The timely filing of an administrative claim is a jurisdictional prerequisite to the

2  bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the

3  complaint .").

4      A district court may dismiss a complaint for failure to allege these prerequisites.

5  Id. "The FTCA is a limited waiver of sovereign immunity, authorizing suit against the

6  United States for tortious performance of governmental functions in limited cases,"

7  Bibeau v. Pacific Northwest Research Foundation, Inc., 339 F.3d 942, 945 (9th Cir.

8  2003), and the waiver "is strictly construed in favor of the sovereign . . . ." Craft, 157

9  F.3d at 707.

10     Plaintiff fails to allege FTCA jurisdictional prerequisites, claim presentation and a

11  proper party defendant. Plaintiff was advised of these deficiencies in the prior screening

12  order.

13     **E.    Retaliation**

14         1.    Legal Standard

15     "Within the prison context, a viable claim of First Amendment retaliation entails

16  five basic elements: (1) an assertion that a state actor took some adverse action against

17  an inmate (2) because of (3) that inmate's protected conduct, and that such action (4)

18  chilled the inmate's exercise of his First Amendment rights, and (5) the action did not

19  reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559,

20  567–68 (9th Cir. 2005).

21         2.    Retaliatory Motive

22     Plaintiff suggests Defendant George retaliated for complaints about dental

23  services. Yet Plaintiff's allegations do not demonstrate that his complaints, rather than

24  legitimate correctional goals, were a "substantial or motivating factor behind the

25  [Defendants'] conduct." Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir.2009), quoting

26  Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.1989). Nothing suggests

27  George's work schedule is other than consistent with institutional policies and practices

28  or at least driven by factors totally unrelated to Plaintiff. Thus there is no basis for

9

1 suggesting George's alleged rescheduling of appointments failed to advance a
2 legitimate penological purpose.

3       Plaintiff does not state a retaliation claim against Defendant George. Plaintiff was
4 previously advised of the deficiencies in this claim.

5 **V.     CONCLUSIONS AND ORDER**

6       Plaintiff's FIRST amended complaint does not state a claim upon which relief
7 may be granted. Plaintiff was advised in the prior screening order of the deficiencies in
8 his claims and the required corrections, and despite having been afforded the
9 opportunity to correct them, has failed to do so. The Court sees no useful purpose in
10 again instructing on these same deficiencies and allowing yet another opportunity to
11 amend.

12      Accordingly, based on the foregoing, it is HEREBY ORDERED that:

13      1.      Plaintiff's FIRST amended complaint (ECF No. 9) is DISMISSED for failure
14              to state a claim, further amendment would be futile and is denied,

15      2.      The action is DISMISSED WITH PREJUDICE for failure to state a claim,
16              dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g); Silva v.
17              Di Vittoria, 658 F.3d at 1009, 1098 (9th Cir. 2011), and

18      3.      Any and all pending motions shall be terminated and the Clerk of the
19              Court shall CLOSE this case.

20

21

22 IT IS SO ORDERED.

23   Dated:    December 26, 2013          /s/ *Michael J. Seng*

24                                        UNITED STATES MAGISTRATE JUDGE

25

26

27

28

                                        10