UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL JAMES MESSER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PAUL COPENHAVER, et al.,<br><br>　　　　　Defendants | CASE NO. 1:13-cv-00698-MJS (PC)<br><br>ORDER DENYING MOTION FOR LEAVE TO AMEND<br><br>(ECF No. 16) |

**I.　PROCEDURAL HISTORY**

Plaintiff is a federal prisoner proceeding *pro se* and *in forma pauperis* in this action brought pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (ECF Nos. 1 & 4.) Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 7.)

Plaintiff's First Amended Complaint was dismissed for failure to state a claim. (ECF No. 14.) Plaintiff had been advised of the deficiencies in his original complaint, but failed to correct them in his Amended Complaint, and so on December 26, 2013, the Court dismissed his case without leave to amend. (ECF Nos. 14 & 15.)

Before the Court is Plaintiff's December 29, 2014 Motion for Leave to Amend, which the Court will construe as a motion for reconsideration of its decision to dismiss

Plaintiff's First Amended Complaint without leave to amend.  (ECF No. 16.).

## II.	LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances'" exist.  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (*quoting Latshaw v. Trainer Wortham & Co., Inc.,* 452 F.3d 1097, 1103 (9th Cir. 2006)).  The moving party "must demonstrate both injury and circumstances beyond his control."  *Latshaw,* 452 F.3d at 1103.  In seeking reconsideration of an order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009), and "'[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation . . .'" of that which was already considered by the court in rendering its decision.  *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (*quoting Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 856 (D. N.J. 1992)).

## III.	ANALYSIS

Plaintiff argues that he was in the Special Housing Unit and placed in transit, limiting his ability to access legal materials needed to draft his complaint. He therefore seeks leave to amend at this time.  Plaintiff does not specify when he was in the Special Housing Unit or in transit and for how long.  Plaintiff never requested an extension of time to amend his complaint.  Additionally, Plaintiff has not presented any new facts, law,

2

or arguments that would suggest he is able to state a claim or cure the deficiencies in his First Amended Complaint. Plaintiff has not shown clear error or other meritorious grounds for relief from the Court's order of dismissal without leave to amend.

## IV.  CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's motion for leave to amend (ECF No. 16) is HEREBY DENIED.

IT IS SO ORDERED.

Dated: April 7, 2015            /s/ *Michael J. Seng*
                                                 UNITED STATES MAGISTRATE JUDGE

3